UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:12-CV-154-TBR-LLK

LORA MADONNA JACKSON, *et al.*                                                    PLAINTIFFS

v.

E-Z-GO Division of TEXTRON, INC., *et al.*                                        DEFENDANTS

## OPINION AND ORDER

District Judge Thomas B. Russell referred the instant matter to the Magistrate Judge for ruling on all non-dispositive motions and discovery disputes. (Docket # 82). This case concerns the death of a teenager who was a passenger on a golf cart manufactured by Defendant E-Z-GO. (Docket # 1-2). Judge Russell ordered the parties to file simultaneous briefing statements regarding the discovery of information about other incidents. (Docket # 82). The parties timely filed their briefing statements. (Docket ## 83-84). The Court reviewed the briefing statements and considered them in light of the Court's prior orders and the remainder of the docket.

Plaintiffs proposed four steps to complete discovery regarding other incidents: first, discovery to determine the universe of other incidents; second, if E-Z-GO does not possess the complete universe of information, discovery regarding potential spoliation; third, discovery regarding potentially relevant evidence within the universe; and finally, discovery of information that establishes the admissibility of evidence at trial. (Docket # 84, p. 2). E-Z-GO requested that the Court revisit its prior ruling on the Motion of E-Z-GO Division of Textron, Inc. for Protective Order. (Docket # 83, p. 3).

For the reasons set forth below, the Court will grant, in part, the relief Plaintiffs requested. The Court will delay ruling on the remainder of the relief Plaintiffs requested.

Moreover, the Court denies E-Z-GO's request that it revisit its motion for a protective order. (Docket # 65).

## E-Z-GO's Motion to Reconsider

E-Z-GO requested that this Court revisit its previously decided Motion of E-Z-GO Division of Textron, Inc. for Protective Order. (Docket # 83, p. 3). This request is denied.

E-Z-GO filed their motion for protective order on April 27, 2015. (Docket # 65). The parties fully briefed the motion. (Docket ## 71-72, 74). District Judge Russell ruled on the motion on July 21, 2015. (Docket # 77). Now, when addressing how to implement the Court's order, E-Z-GO sought reconsideration in a briefing statement filed 140 days after the District Judge's order.

The Court did not order the current briefing to litigate the motion for a protective order anew. The District Judge referred this matter for the Magistrate Judge to coordinate the implementation of the prior order. That order permitted Plaintiff to inquire into how E-Z-GO maintains records of past incidents related to its products. (Docket # 77, p. 7-8). The Court established the bounds of Plaintiffs' inquiry in its previous order, which will continue to define the boundaries of the parties' discovery related to other incidents at this time.

The Court will not disturb the existing protective order. As such the Court must determine how to proceed with discovery at this stage in the litigation and will do so based on the bounds of the Court's protective order.

## Plaintiffs May Proceed with Limited Discovery

In Plaintiffs' proposed, four-step plan to complete discovery regarding other incidents, the first two steps seek to establish the universe of information E-Z-GO possesses or possessed regarding other incidents and, if E-Z-GO does not currently possess the entire universe, to

2

establish what information E-Z-GO no longer possess and why. (Docket # 84, p. 4). The Court finds these two steps closely related. Conducting discovery related to both issues at once will lead to efficiencies in the discovery process. *See* Fed. R. Civ. P. 1. To this end, Plaintiffs proposed taking an additional Rule 30(b)(6) deposition and additional depositions of individuals with relevant knowledge.

The Court will allow Plaintiffs to take a limited number of additional depositions related to establishing the universe of documents in E-Z-GO's possession, custody, or control. Plaintiffs may take one additional Rule 30(b)(6) deposition related to establishing this universe of documents. Moreover, the Court will allow Plaintiffs to take up to three individuals' depositions related to this topic, at this time. The Court notes that Plaintiffs proposed deposing E-Z-GO's outside counsel from the 1990s and 2000s. (Docket # 84, p. 5). Such depositions raise immediate concerns related to attorney-client and work-product–doctrine privileges. As such, the Court will order the parties to meet and confer regarding the scope of any deposition of E-Z-GO's past counsel. If the parties cannot agree to the scope, they will request a telephonic status conference with the Court to address their disputes.

The Court will delay determination of the propriety of the third and fourth steps proposed by Plaintiffs until the parties have established what information does and does not exist. To that effect, the Court will order a telephonic status conference to discuss the progress of the discovery process regarding other incidents. The Court expects that the parties will work together to schedule all depositions authorized by this Opinion and Order before that status conference. The Court also expects the parties to meet and confer regarding the next steps in resolving this dispute after the final deposition but before the status conference.

**E-Z-GO's Privilege Arguments**

Beyond requesting that this Court revisit the earlier order, E-Z-GO asserted that the structure of their legal departments' internal record-keeping system amounts to privileged information. (Docket # 83, p. 4). Moreover, E-Z-GO requested that the Court seal certain docket entries that contain this information. *Id.* The party asserting a privilege bears the burden of establishing the privilege. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006) (concerning work-product doctrine); *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983) (concerning attorney-client privilege). The Court finds that E-Z-GO did not meet its burden when arguing that the structure of their Team Connect database is privileged from discovery. First and foremost, E-Z-GO disclosed the structure of its Team Connect database, at least in part, to Plaintiffs. (Docket # 84-1).

Neither attorney-client privilege nor the work-product doctrine protects facts. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) (concerning attorney-client privilege); *Craig v. O'Charley's Rest. Props., LLC*, No. 3:09-CV-187-H, 2010 WL 725574, at *1 (W.D. Ky. Feb. 25, 2010) ("The work-product doctrine does not protect facts contained within the work product.") (citing *Guardsmark, Inc. v. Blue Cross & Blue Shield of Tenn.*, 206 F.R.D. 202, 207 (W.D. Tenn. 2002)). Moreover, nothing argued by E-Z-GO established how the structure of the database used to contain information related to other incidents is, in and of itself, a privileged communication, Ky. R. Evid. 503 (regarding attorney-client privilege in this diversity action), or a "document[] or tangible thing[] that [was] prepared in anticipation of litigation," Fed. R. Civ. P. 26(b)(3)(A) (regarding the work-product doctrine). An evidentiary privilege may well protect the contents of the database, but E-Z-GO failed to demonstrate why either privilege protects the structure of the database.

4

Because of the limitations placed on discovery at this time, the Court need not determine that application of evidentiary privileges as to any specific document or piece of information until a later date. Because the information currently in the records does not have a privileged status, to the extent that E-Z-GO moved to seal documents filed by Plaintiffs, the Court denies the motion, without prejudice. If E-Z-GO seeks to seal certain confidential information, it should request a telephonic conference with the Court.

At this time, Plaintiffs will confine their discovery to the types of information E-Z-GO possesses or possessed, in Team Connect or any other form. Plaintiffs must not seek to discover specific information of other incidents or the contents of any database or document related to other incidents. Plaintiffs must conduct discovery with the aim of establishing what information E-Z-GO ever possessed related to other incidents and what subset of that information E-Z-GO still possess.

## ORDER

IT IS HEREBY ORDERED the Court denies, without prejudice, E-Z-GO's motions to reconsider the July 21, 2015, Memorandum Opinion and Order and to seal certain docket entries. (Docket # 83). The parties' continued discovery related to other incidents will abide by the Court's Memorandum Opinion and Order of July 21, 2015. (Docket # 77).

IT IS FURTHER ORDERED that the Court will allow Plaintiffs to take one additional deposition of E-Z-GO pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The Court also authorizes up to three depositions of individuals. All of these depositions must concern what information was or is within E-Z-GO's possession, custody, or control, and why any information may no longer by within its possession, custody, or control. Plaintiffs may not

discover the specific contents of any database or documents related to other incidents at this time.

      IT IS FURTHER ORDERED that the parties will meet and confer as often as reasonably necessary so as to take all of the depositions authorized by this order no later than Wednesday, April 6, 2016. The Court will hold a telephonic status conference on Monday, April 11, 2016, beginning at **3:00 p.m. Eastern Time (2:00 p.m. Central Time)**.  Counsel for the parties shall connect to the conference by dialing the toll-free meeting number 1-877-848-7030 and entering the access code 7238577#. The parties must meet and confer no later than Friday, April 8, 2016, to discuss the best course for the continued resolution of this discovery dispute. If the parties reach an impasse on any issue prior to the completion of the authorized depositions, they will contact the Court and request a telephonic status conference as soon as practicable.

c:      counsel