UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12-CV-154-TBR

LORA MADONNA JACKSON, *et al.*,                                                PLAINTIFFS

v.

E-Z-GO Division of TEXTRON, INC., *et al.*,                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Objections of Defendant E-Z-GO Division of Textron Inc. to an Order of the Magistrate Judge (DN 99.) Defendants additionally filed a Motion for Stay of Order Pending Ruling on Objections (DN 100), and a Motion for Limitation on Dissemination of Discovery Documents. (DN 100.) Plaintiffs have responded. (DN 101.) E-Z-GO has replied. (DN 104.) These motions are now ripe for adjudication. For the reasons set forth below, Defendants' Objections are SUSTAINED IN PART and OVERRULED IN PART. Defendant's motion for stay pending ruling on objections is therefore DENIED as MOOT. Defendant's motion for limitation on dissemination of discovery documents is GRANTED IN PART.

**BACKGROUND**

This lawsuit arises out of a rollover accident involving an electric golf cart that led to the tragic death of one of the passengers, fifteen year-old Jordan Kori Jackson. (DN 93-2.) The golf cart was a 1993 E-Z-GO PC-4X. It had no speed regulator and lacked all-wheel brakes. Lora Madonna Jackson, Jordan's mother, brought suit against the E-Z-GO Division of Textron, Inc. ("E-Z-GO") alleging that the golf cart's design was defective and that E-Z-GO failed to provide adequate warnings. Plaintiff sought discovery of incident reports E-Z-GO collected over the

1

years, believing this discovery will show that E-Z-GO was aware of these supposed defects—the incidents reflect accidents with other E-Z-GO products that have occurred in the past. The parties have engaged in many discovery disputes related to this information, including challenges to relevancy, the proper scope of discovery, and whether Defendants have made adequate and complete disclosures. (*See* DN 77 at 1–3.) The Court addressed many of these disputes in a Protective Order issued July 21, 2015. (DN 77.) The Court later referred this matter to Magistrate Judge King for ruling on all non-dispositive motions and discovery disputes. (DN 82.)

At a telephonic status conference held on April 18, 2016 (DN 91), the parties informed the Magistrate Judge that they had several ongoing discovery disputes which they had been unable to resolve, and the Magistrate Judge ordered Plaintiffs to file a motion to compel. (DN 92.) The issues were fully briefed by the parties (DN 93, 94, 95), and the Magistrate Judge resolved them in an Order issued August 8, 2016. (DN 96.)

**STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court referred all discovery-related disputes to Magistrate Judge King. When a party timely assigns error to a magistrate judge's nondispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party demonstrates that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while [his] legal conclusions will be reviewed under the more lenient 'contrary to law' standard."

2

*EEOC v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (alteration in original) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd per curiam*, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition)) (internal quotation marks omitted). A factual finding is clearly erroneous where the Court is left "with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014).

## DISCUSSION

In its July 21, 2015 Protective Order (the "Protective Order"), this Court limited discovery of prior incidents and claims involving Defendants' vehicles to "incident reports and the like that relate to" the "four design features of concern: rear-wheel-only braking as opposed to all-wheel-braking, speed governors, speed retardation devices, and over-steer technology." (DN 77 at 5.) Also in the Protective Order, the Court concluded that Plaintiff may not "[i]nquire about any E-Z-GO incidents not related to [the four design features of concern]" or "into the raw number of E-Z-GO incidents per year or the raw number of suits against Textron per year." (*Id.* at 7.)

In the August 8, 2016 Order (the "August 8 Order" or the "Order"), the Magistrate Judge granted in part Plaintiffs' motion to compel E-Z-GO to produce additional information regarding former incidents. (DN 96.) Specifically, the Order directed E-Z-GO to produce, first, "non-privileged information about (i) E-Z-GO incidents which relate to any of the four design features

3

of concern and (ii) E-Z-GO incidents which Defendants cannot discern whether or not they relate to any of the four design features." (*Id.* at 4.) Second, the Order directed E-Z-GO to "find both internal and external sources and search those sources for, and produce, information about, other E-Z-GO incidents related to any of the four design features and other E-Z-GO incidents for which Defendants are not able to exclude that possibility that the incident may relate to those features." (*Id.* at 6–7.) The "internal sources" identified by the Magistrate Judge include company records stored in an off-site facility called Iron Mountain, records of and correspondence with Defendants' in-house counsel relating to prior claims and incidents, and Defendants' own risk database known as "Risk Console." (DN 96 at 5.) The "external sources" refer to outside vendors Plaintiffs believe are likely to possess relevant information, including insurance companies, outside legal counsel, and expert witnesses who provided services for Defendants in prior litigation. (*Id.* at 6.)

I. **E-Z-GO's Objections to the Magistrate Judge's Order**

E-Z-GO makes four objections to the Magistrate Judge's Order. (DN 99.) The Court will address each of these objections in turn.

A. **"Control" under Rule 34(b).**

E-Z-GO first objects to the Order on the ground that information regarding past incidents that is currently in the possession of certain "external vendors" is not within its "control" as contemplated by Federal Rule of Civil Procedure 34(a)(1). (DN 99 at 4.) While E-Z-GO does not challenge the Order with regard to seeking information from "*current* counsel, insurance carriers, or consultants involved in *pending* litigation" it contends that it lacks the requisite control to

4

obtain such information from "*former* counsel, insurance carriers, or consultants with whom there is no current relationship." (*Id.*)

Rule 34(a)(1) provides that discovery requests upon another party are proper if the production sought is "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Courts construe this concept broadly, explaining that information is deemed to be within a party's " 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citing *Resolution Trust Corp. v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross,* 88 F.R.D. 325, 327 (N.D. Ill. 1980)).

With respect to incident records from its former counsel, the Court agrees with the Magistrate Judge that E-Z-GO has the "legal right to obtain the documents on demand." *Id.* Indeed, in applying the Rule 34(a)(1) standard, courts consider things in the possession of a party's attorney—even a party's former attorney—to be within that party's possession, custody or control for purposes of Rule 34. *See, e.g.*, *Johnson v. Askin Capital Mgmt., L.P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001) ("[T]he clear rule is that documents in the possession of a party's *current or former* counsel are deemed to be within that party's 'possession, custody and control.'" (quoting *MTB Bank v. Fed. Armored Express, Inc.*, No. 93 CIV. 5594(LBS), 1998 WL 43125, at *4 (S.D.N.Y. Feb. 2, 1998)) (internal quotation marks omitted)); *see also Marshall v. Town of Merrillville*, No. 2:14-CV-50-TLS, 2015 WL 4232426, at *7 (N.D. Ind. July 13, 2015); *Hill v. Asset Acceptance, LLC*, No. 13CV1718-BEN (BLM), 2014 WL 3014945, at *7 (S.D. Cal. July 3, 2014); *Triple Five of Minn., Inc. v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002), *adopted by* No. Civ.99-1894 PAM/JGL, 2002 WL 1303025 (D. Minn. June 6, 2002); *Poole ex rel. Elliott*

*v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000). Therefore, the Court will overrule E-Z-GO's objections to the Magistrate Judge's Order with regard to prior incident information held by law firms that have represented E-Z-GO in the past.

The Court agrees with E-Z-GO, however, that information held by former insurance carriers, former expert witnesses, and former litigation consultants is not information that E-Z-GO has a "legal right to obtain . . . on demand." Courts have explained that, while "[n]either physical possession nor legal ownership of the documents is required," the Rule 34(a)(1) standard requires the party to have "the practical ability to obtain the documents from another." *Libertarian Party of Ohio v. Husted*, No. 2:13-CV-953, 2014 WL 3928293, at *1 (S.D. Ohio Aug. 12, 2014) (quoting *In re NASDAQ Market–Makers Antitrust Litigation,* 169 F.R.D. 493, 530 (S.D.N.Y.1996)). The Court agrees with E-Z-GO's contention that it has no practical ability, and therefore no " 'legal right' to demand that independent third parties, not involved in the current litigation . . . perform searches of their documents and . . . produce documents that did not arise out of the current litigation." (DN 99 at 9.)

Plaintiffs have presented no evidence to suggest a finding that E-Z-GO does, in fact, have this ability. Without the practical ability to demand these documents, E-Z-GO lacks "control" over this information within the meaning of Rule 34(a)(1), and compelling E-Z-GO to produce documents from these sources was contrary to law. Therefore, the Court will sustain E-Z-GO's objection to this portion of the August 8 Order. However, Plaintiffs are free to utilize the subpoena power under Rule 45 to obtain the sought information regarding past incidents from third party vendors. Fed. R. Civ. P. 45.

B.   **Scope of Discovery.**

Second, E-Z-GO argues that the Magistrate Judge's Order requires the disclosure of information beyond the scope of discoverable material under Rule 26(b)(1) and beyond the scope of the discovery limits established in this Court's Protective Order. (DN 99 at 9.) Specifically, E-Z-GO challenges the Magistrate Judge's direction to produce, not only incident reports and claims related to the four design features of concern, but also reports and claims related to "incidents which Defendants cannot discern whether or not they relate to any of the four design features" and are unable "to exclude that possibility that the incident may relate to those features." (DN 96 at 4; 6–7.) The Court disagrees.

With regard to Rule 26(b)(1), E-Z-GO claims that "[w]ithout sufficient detail to demonstrate any similarly [of the past claims sought] to the claims of defect made here, such incidents are not relevant" under Rule 26(b)(1). (DN 99 at 9.) E-Z-GO further contends that the information sought is "not proportional to the needs of the case as required" under Rule 26(b)(1). Rule 26(b)(1) allows for the discoverability of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.[1] Relevance is to be "construed broadly to encompass any matter that bears on, or

---

[1] Various revisions to the Federal Rules of Civil Procedure became effective on December 1, 2015, and govern "insofar as just and practicable, all proceedings then pending." Order Regarding Amendments to Fed. R. Civ. P., ––– U.S. ––– (2015); *see also* 28 U.S.C. § 2074(a). Upon careful consideration, the Court holds that application of the amended Federal Rules of Civil Procedure to this case is just and practicable. *See Matthew Enter., Inc. v.*

that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The proponent of a motion to compel discovery bears the initial burden of demonstrating relevance. *See United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016); *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309–10 (W.D. Tenn. 2008). Considering the spirit and purpose of the Civil Rules, however, that threshold is relatively low. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014); *Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008). The Court has considerable discretion when handling discovery matters, such as deciding if information might be relevant. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981); *see also Heathman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 1032, 1035 (9th Cir. 1974) (" 'Relevance' on discovery has a very broad meaning, and the question is for the district court." (citing Fed. R. Civ. P. 26(b)(1)) (citation omitted)).

Plaintiffs have satisfied their burden to demonstrate the relevancy of past incident and claim reports involving E-Z-GO vehicles, including those reports that cannot be *ruled out* as having involved one of the four design features. As this Court already stated in its Protective Order, "Jackson seeks evidence to help her prove that Textron had notice of the supposed defects that she believes contributed to the golf cart accident," and any "incidents that could have given Textron notice about [the four alleged design] problems are relevant to her proving this part of her case." (DN 77 at 5.) Similarly, the Magistrate Judge concluded "Plaintiffs state that they

---

*Chrysler Grp. LLC*, No. 13-CV-04236-BLF, 2015 WL 8482256, at *1 n.7 (N.D. Cal. Dec. 10, 2015). Therefore, the Court applies the Civil Rules as amended.

consider other incidents some of the most persuasive evidence available, and that if the incidents in the lists are relevant and discoverable then that information would be very important to resolving the issue of whether and when Defendants had notice of any defects." (DN 96 at 4.)

The Magistrate Judge further explained that

> [o]nly Defendants have these lists; Plaintiffs have no other way of discovering the information. Plaintiffs would be prejudiced if they lost the chance to investigate *whether these incidents do relate to any of those design issues*. If Plaintiffs are willing to do this additional work, then Plaintiffs should have the base information so they can research the history of the incidents.

(DN 96 at 4) (emphasis added).

The Court agrees with Plaintiffs and the Magistrate Judge that the information Plaintiffs seek *could* lead to evidence that E-Z-GO had notice of an alleged defect, and therefore it constitutes "matter that bears on, or that reasonably could lead to other matter that could bear on" Plaintiffs' claim or defense. *Oppenheimer Fund, Inc.*, 437 U.S. at 351. The Magistrate Judge's Order on this point was not contrary to law.

    E-Z-GO further argues that requiring it to produce incident and claim reports on matters for which it is unclear whether one of the four design areas was at issue exceeds the limits set by this Court's Protective Order. (DN 99 at 12.) E-Z-GO specifically argues that the Magistrate Judge's Order, in essence, grants Plaintiffs the right to discover "raw numbers," and "raw lists" of past claims against E-Z-GO, which was expressly prohibited by the Court's Protective Order. This is far from the case, however, because, as the Magistrate Judge's Order makes clear, "Defendants *need not produce* information about any incidents that *do not relate* to any of the four design features." (DN 96 at 4) (emphasis added). Any incidents that clearly involve issues *other* than one of the identified four, for instance, a flat tire or faulty seat belt, would clearly *not* be subject to the Order compelling discovery. On the other hand, the Court agrees with the

9

Magistrate Judge that incidents that *could* relate to one of the four design features are both discoverable and within the scope of discovery established by this Court's Protective Order. Defendants' objection on this ground is overruled.

### C. Confidential Business Records and Proprietary Information.[2]

Third, E-Z-GO claims that the Magistrate Judge's Order "does not protect E-Z-GO's confidential business records from dissemination by plaintiff beyond this litigation." (DN 99 at 12) (emphasis and uppercase letters omitted). E-Z-GO specifically argues that its "documents and records are private, proprietary business records, and unless particular documents or records are within the scope of discovery as relevant to the issues in this particular case, they remain the private records of E-Z-GO." (DN 99 at 13.) E-Z-GO further contends that, "[e]ven if produced in discovery, under Kentucky law E-Z-GO records are not public documents." (*Id.*) (citing *Courier-Journal, Inc. v. McDonald-Burkman*, 298 S.W.3d 846, 848 (Ky. 2009)).

As an initial matter, *Courier-Journal, Inc.* and the others cases E-Z-GO cites for this proposition all dealt with the right of the *press* to access discovery documents that had been sealed or limited from public access through agreement between the parties. *See Courier-Journal, Inc.*, 298 S.W.3d at 848–51; (DN 99 at 13–14.) The Court is unpersuaded that those cases, highly distinguishable from the present matter, have any application in this context. Because those cases are distinguishable, and because this Court's July 21 Protective Order did not expressly limit the dissemination of the information Plaintiffs sought from Defendants, the Court cannot say that the Magistrate Judge's Order compelling discovery of this information was

---

[2] E-Z-GO makes similar and overlapping arguments regarding the confidentiality of its records in its Objections to the Magistrate Judge's Order and in its motion for limitation on dissemination of discovery documents. Although the Magistrate Judge's Order was not contrary to law and therefore the Court overrules E-Z-GO's objection on this ground, the Court addresses these arguments in greater detail below in Part III of this memorandum opinion granting in part E-Z-GO's motion for limitation on dissemination of documents.

contrary to law. Defendant's objection on this ground is therefore overruled. However, as discussed below in Part III of this memorandum opinion, the Court will nonetheless grant E-Z-GO's motion for limitation of discovery documents in part.

      D.      **Discovery Disproportionate to the Claimed Design Defects.**

Finally, E-Z-GO argues that the Magistrate Judge's Order compels discovery of records that are "disproportionate to the areas of claimed, loosely defined defects asserted by Plaintiff." (DN 99 at 14) (emphasis and uppercase letters omitted). The Court disagrees.

Specifically, E-Z-GO urges the 2015 Amendments to Rule 26(b)(1) as emphasizing "the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality' . . . The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark County School District*, 312 F.R.D. 594 (D. Nev. 2016) (quoting Chief Justice John Robert's Year End Report on the Federal Judiciary at 6.) In reliance on these arguments, E-Z-GO states

> [t]he discovery searches of independent third parties are far out of proportion to the needs of the Plaintiff in presenting her stated claims of defective design. The search for old records of "possibly related" claims has involved dozens of hours to date, with no clear end in sight. These broadening requests are not in proportion to the putative merits of her claims.

(DN 99 at 16.)

As discussed above, to the extent the Magistrate Judge's Order compelled Defendants to obtain and produce information held by former insurance carriers, former expert witnesses, and former litigation consultants, which the Court agrees are not within Defendants' legal right of control, Defendant's objection is sustained. However, information from former counsel, information from independent third parties that *currently* perform services for Defendants, and

11

claims that *may* involve one of the four design features of concern, as the Court explained above, is properly discoverable. The Court remains unpersuaded that this information is disproportionate to the putative merits of Plaintiffs' claims. Specifically, as this Court and the Magistrate Judge have both noted, Plaintiffs believe that information about past incidents is among their most compelling evidence in this case. The Court sees no reason to prevent Plaintiffs from exploring these incidents further. At this stage of the litigation, it cannot be said that such past incidents are so far out of proportion to what Plaintiffs claim was a defective design of E-Z-GO's product so as to bar discovery of them altogether. Defendant's objection on this ground is overruled.

## II.     E-Z-GO's Motion to Stay Pending Ruling on Objections

Because the Court has now ruled on E-Z-GO's Objections to the Magistrate Judge's Order, its motion to stay pending such a ruling is denied as moot.

## III.    Motion for Limitation on Dissemination of Discovery Documents

In the same document as its motion to stay, E-Z-GO requested "this Court to direct that documents produced by E-Z-GO [*in camera*] not be disseminated beyond the litigation prior to a determination by the Court such lists of claims and incidents are relevant and admissible in evidence." (DN 100 at 4.) Specifically, E-Z-GO has, pending this Court's ruling on those issues, submitted certain attachments "for an *in camera* review of the list of matters from the "Risk Console" Claim Run and from Travelers that were insufficiently described to exclude those matters as having been related to the four design areas of concern addressed in the August 8, 2016 and July 21, 2015 orders." (DN 104 at 2.) E-Z-GO contends that "[t]he publication of a list of claims without any obvious connection to the allegations in this civil action not only is a distribution of irrelevant information but is misleading and potentially damaging to E-Z-GO" and

that "corporate risk management data concerning corporate claims over a large number of years is proprietary and confidential business information." (DN 104 at 3.)

> E-Z-GO clarifies, however, that it
>
> is not asking the Court through this motion for stay and to limit dissemination to pre-determine whether any of the matters listed on Attachments 37-21 and 37-22 will be admissible at trial under Fed. R. Evid. Rules 402 and 403. Rather, E-Z-GO's position is that the raw information provided under the Order of August 8, 2016 should be kept confidential to the parties and their agents while Plaintiff conducts her further investigation as permitted under the August 8, 2016 Order.

(DN 104 at 4.) E-Z-GO further claims that "Plaintiff acknowledges that she opposes any limiting discovery order because she wants to distribute E-Z-GO's confidential documents and business information beyond the case at bar," (DN 104 at 2), specifically, by "discussing or sharing Textron's documents with attorneys representing other similarly situated plaintiffs." (DN 101 at 3–4.)

The Court agrees with E-Z-GO that limitation of dissemination by Plaintiffs beyond the instant litigation in this manner is warranted, and will accordingly grant E-Z-GO's motion to limit dissemination in part pending Plaintiffs' investigation of the documents produced *in camera* and a determination of relevance and admissibility. Specifically, upon Plaintiffs' investigation of the claims lists contained in those documents, any information regarding claims that *cannot* be said to specifically relate to one of the four alleged design defects, or otherwise found not to be admissible, must be returned to Defendants and not disseminated beyond this litigation so as to protect E-Z-GO's confidentiality and proprietary interests. However, information regarding claims that Plaintiffs determine, upon further investigation, *do* relate to one of the four alleged design defects, are specifically related and relevant to the instant litigation and not limited from dissemination by Plaintiffs beyond this litigation.

## CONCLUSION

For the reasons stated herein, Defendant's Objections to the Magistrate Judge's August 8 Order are SUSTAINED IN PART and OVERRULED IN PART. Defendant's motion for stay pending this Court's ruling on Defendant's objections is accordingly DENIED as MOOT. Defendant's motion for limitation on dissemination of discovery documents is GRANTED IN PART. E-Z-GO shall distribute Attachments 37-21 and 37-22, previously filed with the Court for *in camera* review, to Plaintiffs' counsel for further investigation by October 31, 2016. Plaintiffs shall refrain from disseminating information contained therein which is not related to one of the four alleged defects, or that is otherwise found inadmissible, and must return such information to E-Z-GO following the close of the instant litigation.

A telephonic status conference is set on 12/1/2016 at 10:00 a.m. Eastern Time. The Court shall place the call.

IT IS SO ORDERED.

Thomas B. Russell, Senior Judge
United States District Court

October 21, 2016

cc: counsel of record